

# IN THE
# TENTH COURT OF APPEALS

## No. 10-18-00157-CR

**MANUEL DELATORRE PEREZ,**

Appellant

v.

**THE STATE OF TEXAS,**

Appellee

From the 19th District Court
McLennan County, Texas
Trial Court No. 2017-150-C1

## MEMORANDUM OPINION

Manuel Delatorre Perez appeals from two convictions for sexual assault of a child. TEX. PENAL CODE ANN. § 22.011 (West 2011). Perez complains that the trial court abused its discretion by admitting evidence of extraneous offenses pursuant to Rule of Evidence 404(b) because the State's notice was insufficient, which constituted an unfair surprise to him. Because we find no reversible error, we affirm the judgments of the trial court.

## NOTICE OF EXTRANEOUS OFFENSES

In his sole issue, Perez complains that the notice provided by the State pursuant to Rule 404(b) of the Rules of Evidence was insufficient to give him notice of additional sexual offenses that occurred after the alleged offenses for which he was tried and the lack of adequate notice constituted an unfair surprise to him.

Rule 404(b)(2) states in relevant part:

> On timely request by a defendant in a criminal case, the prosecutor must provide reasonable notice before trial that the prosecution intends to introduce such evidence … in its case-in-chief.

TEX. R. EVID. 404(b).

During his cross-examination of the victim, the victim was asked whether he had gone back to Perez's house after the alleged offenses. The victim responded to Perez's question stating that he had been forced to engage in sexual encounters with Perez at his house after the alleged offenses. After the victim's answer, counsel for Perez asked to approach the bench and objected to the failure of the State to provide adequate notice pursuant to Rule 404(b). However, because this evidence was not admitted during the State's case-in-chief, the sufficiency of the notice is not at issue. *See Jaubert v. State*, 74 S.W.3d 1, 4 (Tex. Crim. App. 2002) ("The extraneous offense evidence in this case was introduced during cross-examination and rebuttal testimony, not in the State's case-in-

chief. Therefore, appellant was not entitled to notice of the extraneous offenses.").  We

overrule Perez's sole issue.[1]

**CONCLUSION**

Having found no reversible error, we affirm the judgments of the trial court.

TOM GRAY
Chief Justice

Before Chief Justice Gray,
     Justice Davis, and
     Justice Scoggins[2]
Affirmed
Opinion delivered and filed February 20, 2019
Do not publish
[CRPM]



---

[1] The State's notice stated that the State intended to offer evidence of "Any and all facts and circumstances surrounding the bad acts and criminal conduct following the charged offense of Aggravated Sexual Assault of a Child, where defendant blackmailed complainant multiple times in the weeks following the initial assault into engaging in continued sexual assaults of complainant, with the Defendant threatening to tell friends or family members about the sexual encounters" during its case-in-chief or the punishment phase of the trial.  Even if the notice provisions of Rule 404(b) were applicable, the notice was adequate to inform Perez of the State's intent to admit evidence of the subsequent nonconsensual sexual encounters at issue.

[2] The Honorable Al Scoggins, Senior Justice of the Tenth Court of Appeals, sitting by assignment of the Chief Justice of the Texas Supreme Court.  *See* TEX. GOV'T CODE ANN. §§ 74.003, 75.002, 75.003 (West 2013).